## Qualifications of Mine Inspectors

MARGIOTTI, Attorney General, September 23, 1936.—
We have your request for an interpretation of section 3
of the Act of May 17, 1921, P. L. 831, which provides that
applicants for the position of mine inspector shall have
had "at least ten years' practical experience in the anthra-
cite mines of this Commonwealth, five years of which
shall be as coal miners in the anthracite mines of this
Commonwealth."

You specifically request us to define the term "coal
miner", as used in the act, and inquire if it is necessary
for an applicant to have engaged in the actual work of
cutting or blasting coal or rock at the face of a gangway,
airway, breast, pillar, or other working place, in order
to qualify as having had five years' experience as a "coal
miner".

The act, while specifying the qualifications of mine
inspectors, does not define the term "coal miner", as used
therein.

Prior to the enactment of the above act, the qualifica-
tions of mine inspectors were set forth by section 6, article

II, of the Act of June 2, 1891, P. L. 176, which provided, inter alia, that "he must produce satisfactory evidence to the Board of Examiners of having had at least five (5) years practical experience in anthracite coal mines of Pennsylvania. . . ."

The Act of 1891 was amended by the Act of June 1, 1915, P. L. 712, to include a definition of the word "miner". That definition appears in article XVIII, as amended, and reads as follows:

"The term 'miner' means the person who cuts or blasts coal or rock at the face of a gangway, airway, breast, pillar, or other working-place; also any person engaged at general work in a mine, and qualified to do the work of a miner."

The same article defines the term "mine" as follows:

"The term 'mine' includes all underground workings and excavations, and shafts, tunnels and other ways and openings; also all such shafts, slopes, tunnels, and other openings in course of being sunk or driven, together with all roads, appliances, machinery, and materials connected with the same below the surface."

The above definition provides that a miner is one who actually cuts or blasts coal from its beds, or one who, although not actually engaged in digging the coal, is qualified to do so and is engaged in general work in a mine.

Section 5 of the Act of July 15, 1897, P. L. 287, provides that a miner shall have the following qualifications:

"All persons applying for a certificate of competency, or to entitle them to be employed as miners, must produce satisfactory evidence of having had not less than two years practical experience as a miner, or as a mine laborer in the mines of this Commonwealth".

Accordingly, if a person qualifies as a miner under the provisions of the Act of 1897, he falls within the definition of a miner contained in the Act of 1915, so long as he is engaged in general work in a mine.

In a formal opinion of this department, dated October 24, 1895, 17 Pa. C. C. 99, it was held that any person who works in an underground working, excavation, shaft, tunnel, other way and opening, etc., is a miner within the meaning of the Act of 1891. See Matthews v. Roderick, 18 Dauph. 56 (1915).

At the outset, it is to be noted that the Act of 1921, concerning which you inquire, prescribed additional qualifications for applicants for the position of mine inspector, particularly with reference to the number of years' experience required, and added the qualification that applicants must have at least five years' experience as "coal miners".

Your inquiry raises the further question whether a person who is qualified to do the work of a miner, as evidenced by the fact that he is the holder of a certificate of competency issued in accordance with the provisions of the Act of 1897, may fulfill the requirements of the Act of 1921 by working in and about a mine, although he is not engaged in the actual work of cutting or blasting coal or rock at the fact of the gangway, airway, breast, pillar or other working place.

Obviously, the phrase "at least ten years' practical experience in the anthracite mines of this Commonwealth" does not comprehend "five years of which shall be as coal miners"; otherwise, the latter qualifications would have been redundant and unnecessary. Inasmuch as it is presumed that the legislature intends every provision of a statute to be effective, it is clear that 10 years' experience in the anthracite coal mines of the Commonwealth is not sufficient for qualification as a mine inspector, unless the applicant was engaged as a "coal miner" during at least five of those 10 years.

An ambiguous statute should be construed in a manner which will best effect the legislative intent. It is clear that, by the Act of 1921, the legislature intended to provide that mine inspectors shall be thoroughly competent, and that individuals undertaking the responsibilities of mine inspectors shall be acquainted, by actual experience,

with the very purpose for which mines are operated, the cutting or blasting of coal from their veins in a safe manner. The intention of the legislature was to require of mine inspectors such qualifications as to guarantee to the anthracite coal industry men with sufficient knowledge and experience to protect the workers in the mines, and the owners themselves, to the end that the mines would be operated in a manner best calculated to preserve human life and property. The protection of the lives and health of the miners is paramount. The legislative intent must be construed in such a way as will most fully protect them.

It has been suggested that, inasmuch as the legislature has seen fit to define the term "miner" in the Act of 1915, we should accept that definition and conclude that any person who meets the requirements of that act is a "coal miner" for all purposes. We cannot agree with this proposition. If that had been the legislative intent, the legislature certainly would not have specified that five of the ten years' practical experience required of a mine inspector must be acquired by working as a coal miner in the anthracite mines of this Commonwealth. In other words, while one may be qualified to act as a miner, and may be engaged as a miner, so far as the Act of 1915 is concerned, nevertheless he is not a "coal miner" in the anthracite mines of this Commonwealth unless he is actually engaged in performing the work and duties of a "coal miner". Under the Act of 1915, one may be a miner without doing any of the work of a "coal miner". Under such circumstances, he is not acquiring the knowledge and experience which the legislature unquestionably intends him to have before he can be entrusted with the high responsibility of a mine inspector. As we have already pointed out, if the legislature had intended that general work around a mine would suffice to qualify an applicant for the position of mine inspector, it merely would have increased the five years' experience required by the Act of 1891 to 10 years. By imposing the additional qualification, the legislature recognized the difference between one

who is qualified to act as a miner and one who is acquiring practical experience as a "coal miner".

Therefore, it is clear that the legislature did not intend to permit persons who are qualified as miners, but who have not engaged in the blasting or cutting of coal or rock for at least five years, to become mine inspectors.

However, if for five years a person has engaged in doing the work of a practical miner, he has complied with the spirit and intent of the statute. A person who actually goes into the mines and works at the face, who drills and cuts, drives gangways, and removes pillars, or a person who is engaged in experimental work which requires him to drill, charge, fire and cut may be doing the work of a practical miner, even though he may have another designation, such as safety inspector, foreman, assistant foreman, etc.

In coming to this conclusion, we appreciate the fact that in some instances such a rule may work a hardship on those who have not had the actual five years' practical coal mining experience but who, because of their general knowledge and their years of experience in the mines, may be thoroughly competent and might prove to be reliable and safe mine inspectors. Nevertheless, a rule which is prescribed for the protection of persons and property must be strictly construed, and the fact that occasional hardships may result therefrom cannot be considered in its proper interpretation.

Therefore, you are advised that, in order to obtain the five years' practical experience as "coal miner" required of mine inspectors by the Act of May 17, 1921, P. L. 831, an applicant must have been engaged in the actual work of cutting or blasting coal or rock at the face of a gangway, airway, breast, pillar or other working place for at least five years. You are likewise advised that the necessary practical experience can be acquired by one who works in a mine, even though he may not be classified as a "coal miner".        From Frederic Ray, Harrisburg.